UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| HAZIM ATA, individually and on behalf of others similarly situated, | Civ. A. No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| SPINELLA PRODUCE, INC., RICHARD LOBELLO, JOHN/JANE DOES 1-100, names being fictitious and unknown, and XYZ CORPORATIONS 1-100, names being fictitious and unknown, | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff Hazim Ata ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Ansell Grimm & Aaron, P.C., allege against Defendants, Spinella Produce, Inc. ("Spinella Produce"), Richard Lobello ("Lobello"), John/Jane Does 1-100, and XYZ Corporations 1-100 (collectively, the "Defendants"), as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New Jersey State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article Ill of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

3. Plaintiff is a natural person and a resident of the County of Passaic, State of New Jersey.

**4.** Defendant Spinella Produce is a domestic corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 268 East Railway Avenue, Paterson, New Jersey 07503, where it sells and distributes produce.

5. Richard Lobello is the owner and operator of Spinella Produce, who creates, implements, or oversees the policies, procedures, and practices regarding the payment of overtime compensation at Spinella Produce and XYZ Corporations 1-100, alleged for the purpose of substituting their names for those of any additional defendants whose identities may be disclosed in discovery and should be made parties to this action.

6. Defendants John/Jane Does 1-100 are fictitious names of individuals who are officers, owners, directors, supervisors, managers, employers, agents, or representatives of Defendant Spinella Produce, who create, implement, or oversee the policies, procedures, and practices regarding the payment of overtime compensation at Spinella Produce and XYZ Corporations 1-100, alleged for the purpose of substituting their names for those of any additional defendants whose identities may be disclosed in discovery and should be made parties to this action.

7. Defendants XYZ Corporations 1-100 are fictitious names of businesses alleged for the purposes of substituting their names for those of any additional defendants whose identities may be disclosed in discovery and should be made parties to this action.

8. At all times relevant hereto, Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

9. At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

10. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

11. At all relevant times hereto, Defendant was engaged in interstate "commerce" within the meaning of the FLSA.

12. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.

14. At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. §§ 34:11-1 to -68, and corresponding regulations, N.J.A.C. §§ 12:56, *et. seq.*

   **A.   Plaintiff's Employment With Defendants.**

15. Upon information and belief, Defendants own, operate, or manage Spinella Produce and associated entities in the State of New Jersey.

16. Defendants, through their directors, officers, executives, management, employees, operations manuals, or outside vendors, set, control, or direct the policies,

practices, and procedures regarding the payment of overtime compensation, time-recording, and record maintenance for all Defendants.

17. Upon information and belief, Spinella Produce is directed and controlled by Lobello as follows:

  a. Finds, pays and directs employees;
  b. Creates, monitors, and enforces, or contracts with outside vendors to create, monitor, and enforce the business model, business strategies, policies, practices, procedures, and employment documents for Spinella Produce;
  c. Develops, maintains, or oversees, or contracts with outside vendors to develop, maintain, or oversee the human resources policies and implementation thereof, including employee payroll, time-keeping, and record maintenance for Spinella Produce; and
  d. Controls, monitors, and enforces, or contracts with outside vendors to control, monitor, and enforce the payment of wages to employees of Spinella Produce.

18. Upon information and belief, Defendants are managed and/or owned by the same individuals, have centralized labor practices, including pay practices, and share employees and equipment.

19. Defendants hired employees to work in various positions including delivery persons, stock persons, cashiers, and employees in other similar positions.

20. Plaintiff worked for Defendants as a driver, cashier, and stock person.

21. Defendant Spinella Produce paid Plaintiff for up to approximately twenty (20) hours per week by weekly paycheck.

22. Defendant Lobello paid Plaintiff in cash for all hours over approximately twenty (20) per week at his regular rate of pay, including all hours over forty (40) per week.

4

23. Defendant Lobello directed Plaintiff to use one blue time card to record all hours up to approximately twenty (20) per week for payment by paycheck and to use a red time card to record all hours over approximately twenty (20) per week to be paid in cash.

## NATURE OF THE ACTION

24. Plaintiff brings this action on behalf of (a) himself and other similarly situated employees who have worked for Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) himself and other similarly situated employees on or after the date that is two (2) years before the filing of this Complaint pursuant to the New Jersey Wage and Hour Law, *N.J.S.A.* 34:11-56a, *et seq.*, and the New Jersey Department of Labor Wage and Hours Regulations, *N.J.A.C.* 12:56, *et seq.*, based upon the following acts and/or omissions:

   a. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff when he worked in excess of forty (40) hours per week;

   b. Defendants' failure to maintain accurate records of the weekly hours worked by Plaintiff; and

   c. Defendants' intentional falsification of time records to avoid the payment of overtime to Plaintiff.

## FACT ALLEGATIONS

22. Plaintiff commenced his employment with Defendants approximately three (3) years ago.

23. From the commencement of his employment through the termination of his employment on or about June 3, 2018, Plaintiff was paid on an hourly basis.

24. Plaintiff earned $8.60 per hour.

25. As an employee, Plaintiff performed the following job duties:

   a. Picks up and delivers produce;

    b. Stocks inventory

    c. Serves as a cashier; and

    d. Cleans and maintains Defendants' premises;

26. Plaintiff's general work schedule was Monday through Sunday, 7:00 a.m. to 6:30 p.m.

27. During the previous year and a half, Plaintiff generally worked more than forty (40) hours per week every week.

28. In those weeks in which Plaintiff worked more than forty (40) hours per week, he worked approximately forty and one-half (40.5) hours of overtime per week.

29. Defendants failed to pay Plaintiff at 1.5 times his regular hourly rate for his extensive overtime hours.

30. Moreover, Defendants falsified time records by ordering employees to clock in and out on time cards with their names in blue at times to reflect approximately twenty (20) hours per week ("blue time cards") and to clock in and out on time cards with their names in red for all additional time worked ("red time cards").

31. Defendants paid Plaintiff on the books at his regular hourly rate via paycheck based on the hours on the blue time cards.

32. Defendants paid Plaintiff off the books at his regular hourly rate via cash for all hours on the red time cards.

33. The red time cards were then disposed of immediately after Plaintiff was paid in cash.

34. Thus, Defendants' time records fail to account for all hours actually worked by Plaintiff, and only include the hours on the blue time card.

35. As a result, Defendants failed to compensate Plaintiff at 1.5 times his regular hourly rate for overtime, and they failed to accurately record his hours actually worked.

36. At all times relevant hereto, Defendants have committed the foregoing acts and/or omissions with knowledge that they have been violating federal and state law and that Plaintiff has been and continues to be economically injured.

## COLLECTIVE ACTION ALLEGATIONS

37. Defendants' failure to comply with the FLSA extends beyond Plaintiff to all other similarly situated employees insofar as Defendants had a policy to (1) not pay their employees at the rate of 1.5 times their regular rate of pay for the hours they worked in excess of forty (40) hours, and (2) falsify time records.

38. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former employees performing similar duties for Defendants.

39. The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1.**

40. Upon information and belief, there are at least 10 current and former employees who have been denied proper overtime wage compensation, and regular wage payments while working for Defendants.

41. At all relevant times, Plaintiff and others who are or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek in addition to failing to accurately record their hours worked. The claims of Plaintiff stated herein are similar to those of the other employees.

### CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P. 23(a)(3) FOR VIOLATIONS OF THE NEW JERSEY WAGE AND HOUR LAWS

42. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Defendants in the State of New Jersey as current and former employees performing similar tasks and duties but who did not receive proper overtime pay or regular wage payments in respect to their work for the Defendants ("New Jersey Class Members").

43. Upon information and belief, this class of persons consists of not less than 10 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

44. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the New Jersey Wage Payment Law and New Jersey Wage and Hour Law.

45. The claims of Plaintiff are typical of the claims of the above-described class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

46. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

47. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

48. Plaintiff brings Count Two for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the

Defendants' violations of the New Jersey Wage Payment Law and New Jersey Wage and Hour Law.

## COUNT ONE
**(FLSA Overtime Wage Violations)**

49.    Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

50.    Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per work week.

51.    At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

52.    Plaintiff and others similarly situated seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT TWO
**(NJWHL Overtime Wage Violations)**

53.    Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

54.    Defendants engaged in a widespread pattern, policy, and practice of violating the NJWHL, as described herein.

55.    Defendant's violations of the NJWHL, as described herein, have been willful and intentional.

56. At all times relevant, Plaintiff and the New Jersey Class Members were employees and Defendants were employers within the meaning of the NJWHL.

57. Defendants employed Plaintiff and the New Jersey Class Members in New Jersey within the meaning of the term "employ[s]" in the NJWHL.

58. Plaintiff and the New Jersey Class Members are "person[s]" within the meaning of the term "person[s]" in the NJWHL.

59. Plaintiff and the New Jersey Class Members were "employees" within the meaning of the term "employee[s]" in the NJWHL, including the definition of "employee" in NJWHL, N.J.S.A. § 34:11-4.1(b).

60. Plaintiff and the New Jersey Class Members were persons suffered or permitted to work by Defendants as their employer.

61. The overtime wage provisions of the NJWHL apply to Defendants and protect Plaintiff and the New Jersey Class Members.

62. Defendants failed to pay Plaintiff and the New Jersey Class Members overtime to which they are entitled under the NJWHL.

63. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and New Jersey Class Members and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

64. By Defendants' knowing or intentional failure to pay Plaintiff and the New Jersey Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NJWHL.

65. Due to these violations, Plaintiff and the New Jersey Class Members are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;
B. Prejudgment Interest;
C. Liquidated Damages pursuant to the FLSA and NJWHL;
D. Punitive Damages;
E. Plaintiff's costs and reasonable attorneys' fees; and
F. Any other and further relief as the Court deems just and proper.

Dated: Woodland Park, New Jersey　　　　ANSELL GRIMM & AARON, P.C.
　　　　August 28, 2018

　　　　　　　　　　　　　　　　　　　　/s/Michael H. Ansell_____
　　　　　　　　　　　　　　　　　　　　Michael H. Ansell, Esq.
　　　　　　　　　　　　　　　　　　　　365 Rifle Camp Road
　　　　　　　　　　　　　　　　　　　　Woodland Park, New Jersey 07424
　　　　　　　　　　　　　　　　　　　　Telephone: (973) 247-9000
　　　　　　　　　　　　　　　　　　　　Facsimile: (973) 247-9199
　　　　　　　　　　　　　　　　　　　　Email: mha@ansellgrimm.com

　　　　　　　　　　　　　　　　　　　　*Counsel to Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable before a jury.

Dated: Woodland Park, New Jersey　　　　ANSELL GRIMM & AARON, P.C.
　　　　August 28, 2018

　　　　　　　　　　　　　　　　　　　　/s/Michael H. Ansell_____
　　　　　　　　　　　　　　　　　　　　Michael H. Ansell, Esq.

**EXHIBIT 1**

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed Spinella Produce and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terns of the Professional Services Agreement signed by me in this case.

Hazim Ata
Name

*(signature)*
Signature

8-23-18
Date