SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (this "Agreement") is made as of December 2/, 2018 by and between Spinella Produce, Inc., and Richard Lobello (collectively, the "Company"), and Hazim Ata ("Employee") (hereinafter, the Plaintiff and Defendants shall collectively be referred to as the "Parties").

WHEREAS, the Employee was no longer employed by the Company effective June 3, 2018;

WHEREAS, the Employee filed a complaint in the United States District Court for the District of New Jersey on or about August 28, 2018, Case No.: 2:18-cv-13287, seeking unpaid wages from the Company (the "Complaint");

**WHEREAS**, the Company denies any and all liability and wrongdoing with respect to the

Employee's claims; and

WHEREAS, the Company and Employee have agreed to memorialize the dismissal with prejudice of Employee's Complaint against the Company upon the mutually agreed terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.      Cessation of Employment. As of June 3, 2018 (the "Separation Date"), Employee's employment with the Company ceased. Employee acknowledges and agrees that, except as specifically set forth in this Agreement, the payment of the Final Payment as set forth below is in full settlement of any and all claims and monies Employee claims to be entitled to from Employer, including without limitation: (i) claims for unpaid overtime, minimum wage, back pay, front pay, compensation of any kind, liquidated and compensatory damages, punitive damages, and/or attorneys' fees and costs. , (ii) any reimbursements from the Company for expenses that Employee incurred prior to the Separation Date, (iv) any payment for vacation days accrued but unused prior to the Separation Date, or (v) any payment for bonuses earned prior to the Separation Date. Employee further acknowledges and agrees that Employee shall not be afforded any right to participate in any employee benefit plans sponsored by the Company following the Separation Date, except as may be required under COBRA. Employee represents and warrants that he has returned to the Company all property of the Company in his possession.

2.      Consideration. In consideration of the promises and covenants contained herein, the Company shall pay to Employee payment in the amount of $16,000.00 ("Final Payment") and that the payment will be paid in three (3) monthly installments as follows:

        a. Within thirty (30) days of Court approval of this Agreement, one (1) check to Employee in the amount $8,000.00 made payable to "Ansell Grimm & Aaron, P.C." and delivered to Michael H. Ansell, Esq., Ansell Grimm & Aaron, P.C., 365 Rifle Camp Road, Woodland Park, New Jersey 07424.

1

b. Within thirty (30) days of the first payment herein pursuant to Section 2(a), one (1) check to Employee in the amount $4,000.00 made payable to "Ansell Grimm & Aaron, P.C." and delivered to Michael H. Ansell, Esq., Ansell Grimm & Aaron, P.C., 365 Rifle Camp Road, Woodland Park, New Jersey 07424.

c. Within thirty (30) days of the second payment herein pursuant to Section 2(b), one (1) check to Employee in the amount $4,000.00 made payable to "Ansell Grimm & Aaron, P.C." and delivered to Michael H. Ansell, Esq., Ansell Grimm & Aaron, P.C., 365 Rifle Camp Road, Woodland Park, New Jersey 07424

3.    <u>Dismissal of Complaint</u>. Employee covenants and agrees that upon Court approval of the Agreement, Employee will cause his Complaint to be voluntarily dismissed with prejudice.

4.    <u>General Release of Claims</u>.

a.    Employee knowingly and voluntarily releases and forever discharges the Company and its directors, officers, stockholders, employees, affiliates, successors, assigns, insurers and agents (collectively, the "Released Parties"), of and from any and all claims, actions, causes of action, grievances, complaints, arbitrations, suits, proceedings, debts, controversies, attorney fees, judgments, demands, liabilities, obligations, promises, and damages whatsoever, in law or equity, known and unknown (collectively, "Claims"), Employee has or may have against any of the Released Parties as of the date of execution of this Agreement including, without limitation, arising from any alleged violation of Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; National Labor Relations Act, 29 U.S.C. sec 151 et seq.; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Employee Retirement Income Security Act of 1974, as amended; the Immigration Reform and Control Act, as amended; the Americans with Disabilities Act of 1990, as amended; the Equal Pay Act of 1963, 29 U.S.C. sec 206(d); the Occupational Safety and Health Act; the Fair Employment Practices Act; the Age Discrimination in Employment Act of 1967; the Older Workers Benefits Protection Act of 1990; the New Jersey Law Against Discrimination; the New Jersey Conscientious Employee Protection Act; the Fair Labor Standards Act, the New Jersey Wage and Hour Law, all applicable amendments to each of the forgoing; any other law, statute, ordinance, rule, regulation, decision or order pertaining to employment or pertaining to discrimination on the basis of age, alienage, race, color, creed, gender, national origin, religion, physical or mental disability, marital status, citizenship, sexual orientation or non-work activities; any claim based upon statute, public policy, contract, tort, or common law; or any claim for costs, fees, or other expenses (including attorneys' fees) with respect to any of the foregoing. Notwithstanding the foregoing, the Company acknowledges that the following are excluded from the foregoing release: (i) any Claim by Employee to enforce the provisions of this Agreement or (ii) any Claim by Employee relating to or arising from any existing right to indemnification from the Company or any of its insurers in connection with his service as an employee of the Company (collectively, "Excepted Claims").

b.    For its part, in consideration of Employee's promises set forth herein, and other good and valuable consideration, the Company, on its own behalf and on behalf of its former, current, and future directors, officers, stockholders, employees, affiliates, predecessors, successors, assigns, insurers, reinsurers, and agents (collectively, the "the Company Releasors") knowingly and voluntarily release and forever discharge Employee and his/her representatives,

2

agents, heirs, successors, and assigns (the "Employee Releasees"), of and from any and all Claims the Company Releasors have or may have against any of the Employee Releasors as of the date of execution of this Agreement, including, without limitation, any such claims arising from Employee's employment and affiliation (whether as a founder, shareholder, or otherwise) with the Company. Notwithstanding the foregoing, Employee acknowledges that any Claim by the Company to enforce the provisions of this Agreement is excluded from the foregoing release.

5.      Affirmations. Employee affirms that other than the Complaint identified herein, he has not filed or caused to be filed, nor is he presently a party, to any Claim(s) against the Company or any of the Released Parties in any forum or form. Other than with respect to Excepted Claims, as to which no agreement or covenant is made, Employee agrees and covenants not to sue or bring any Claims against the Company or any of the Released Parties with respect to any matters arising out of or relating to Employee's employment in or engagement with the Company, or separation from the Company, or any Claims that as a matter of law cannot be released, such as under workers' compensation, for unemployment benefits or any Claims related to the Company's future involvement with, if any, Employee's 401(k)/retirement plans with the Company. Except as set forth herein, in the event that Employee institutes any such Claim, such Claim shall be dismissed upon presentation of this Agreement and Employee shall reimburse the Company for all legal fees and expenses incurred in defending such Claim and obtaining its dismissal. The Company affirms that it has not filed or caused to be filed, nor is it presently a party, to any claim, complaint, or action against Employee or the Employee Releasees.

6.      Consideration. The consideration for Employee's covenants and agreements herein are hereby acknowledged.

7.      Confidentiality. Employee agrees not to disclose any information regarding the substance of this Agreement, except to his/her spouse, tax advisor, and an attorney with whom Employee chooses to consult regarding his/her consideration of this Agreement, unless otherwise required by law. For its part, the Company agrees not to disclose any information regarding the substance of this Agreement, unless otherwise required by law or if important for business purposes in the reasonable determination of the Company (such as in connection with due diligence during a potential transaction). Employee acknowledges and agrees that any other disclosure regarding or discussing the terms of this Agreement would constitute a material breach of said Agreement. In the event that either party is compelled by legal subpoena or court order to provide information covered by this paragraph, the party agrees to immediately notify the other in writing via email to Michael Ansell Esq. at mha@ansellgrimm.com on behalf of the Employee, and to Keli Liu at kliu@hanglaw.com, on behalf of the Company. This Agreement shall not be used in any proceeding, except one to enforce this Agreement or as a defense by a Party to any charge, claim or action brought by another Party

8.      Taxes/Advisors.      Employee shall be solely responsible for payment of any and all applicable income, employment, excise or other taxes related to payments made under this Agreement. The Company will issue a 1099 to Employee for all payments made pursuant to Paragraph 2, herein. Employee represents and warrants to the Company that he has had the opportunity to obtain his own legal and tax counsel in connection with the negotiation and drafting of this Agreement and that he has not relied upon the Company, its officers, directors, employees, agents, including its counsel, for legal or tax advice.

9.      Default and Cure.   In the event the Employers' payments ,as set forth in Paragraph 2, is not received within three (3) business days of the due date ,Employee's counsel shall, provide written notice to Company's attorneys by email at Keli Liu <Kliu@hanglaw.com>, regarding any missed installment payment. Defendants shall have five (5) business days from receipt of such written notice to remedy their default. Notice shall be deemed received by the Company on the date written notice is emailed to Company's Counsel.

10.     Remedy for Breach.   If either party materially breaches this Agreement (which determination is made after providing the breaching party with written notice of the alleged material breach and providing him/her with five (5) business days to cure the alleged breach (to the extent curable)), exclusive of a default which shall be governed by Paragraph 9, , the non-breaching party shall be entitled to seek a preliminary and/or permanent injunction restraining such breach.   The non-breaching party shall further be entitled to recover all attorneys' fees and expenses reasonably incurred by it in enforcing the terms of this Agreement, which attorneys' fees and expenses shall be in addition to, and not in lieu of, any preliminary and/or permanent injunctive relief that may be available.

11.     Effective Date.   This Agreement shall be effective upon execution by all Parties ("Effective Date").

12.     Governing Law; Severability.   This Agreement shall be governed and conformed in accordance with the laws of the State of New Jersey without regard to its conflict of laws provision.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction without the possibility of modification to render such provision legal and enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

13.     Non-admission of Wrongdoing.   The parties agree that neither this Agreement nor the payment of consideration hereunder shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

14.     Mutual Non-Disparagement.   the Employee and the Company agree not to defame, disparage, or demean each other in any manner whatsoever, including, without limitation, comments or statements of any kind whatsoever which are harmful to the reputation of each other, including any comments or statements to the press or online on Facebook, MySpace, Twitter, or any other online and/or social networking website.   Should the breaching party breach this non-disparagement provision and the non-breaching party is required to institute legal proceedings to enforce any of the provisions of this Paragraph, the breaching party agrees to pay the non-breaching party's reasonable attorneys' fees and costs in connection with doing so, along with monetary damages in an amount to be determined by a court if such breach is established by the non-breaching party in a court of competent jurisdiction and the non-breaching party is the prevailing party.

15.     Amendment.   This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

16.     Entire Agreement; Counsel.  This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties.  Each party acknowledges that it has not relied on any representations, promises, or agreements of any kind in entering into this Agreement, except as expressly set forth herein.

17.     Notices.  Every notice relating to this Agreement shall be in writing, and shall be mailed/emailed to or delivered to the party for whom or which it is intended at such business or email address as may from time to time be designated by it in a notice mailed or delivered to the other party as herein provided; provided, that unless and until some other address be so designated, all notices and communications by Employee to the Company shall be mailed or delivered to the Company at Spinella Produce, 268 East Railway Avenue, Paterson, New Jersey 07503 , and all notices and communications by the Company to Employee may be mailed or emailed to him/her at the address provided herein.  Any notice so addressed shall be deemed to be given or received (i) if delivered by hand or by email, on the date of such delivery, (ii) if mailed by courier or by overnight mail, on the first business day following the date of such mailing, and (iii) if mailed by registered or certified mail, on the third business day after the date of such mailing.

18.     Acknowledgments.  The parties acknowledge that they: (a) have carefully read this Agreement in its entirety; (b) have had an opportunity to consider the terms of this Agreement for twenty-one (21) calendar days; (c) are hereby advised in writing to consult with an attorney of their choice before signing this Agreement; (d) fully understand the significance of all of the terms and conditions of this Agreement and have discussed them with an attorney of their choice, or has had a reasonable opportunity to do so; and (e) are signing this Agreement voluntarily and of their own free will and agree to abide by all the terms and conditions contained herein.

EMPLOYEE HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, FIRST, LAST, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE/SHE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date first written above.

Employee                                                      Spinella Produce, Inc.


___Hazim Ata_____          _____
Name:  Hazim Ata                                        Name:  Richard Lobello
                                                                     Title:  Owner

Mailing Address:
849 Main Street                                          Mailing Address:
Paterson, New Jersey 07503                        Spinella Produce
                                                                     268 East Railway Avenue, Paterson, New
                                                                     Jersey 07503

16.   Entire Agreement: Counsel.   This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties.  Each party acknowledges that it has not relied on any representations, promises, or agreements of any kind in entering into this Agreement, except as expressly set forth herein.

17.   Notices.   Every notice relating to this Agreement shall be in writing, and shall be mailed/emailed to or delivered to the party for whom or which it is intended at such business or email address as may from time to time be designated by it in a notice mailed or delivered to the other party as herein provided; provided, that unless and until some other address be so designated, all notices and communications by Employee to the Company shall be mailed or delivered to the Company at Spinella Produce, 268 East Railway Avenue, Paterson, New Jersey 07503 , and all notices and communications by the Company to Employee may be mailed or emailed to him/her at the address provided herein.  Any notice so addressed shall be deemed to be given or received (i) if delivered by hand or by email, on the date of such delivery, (ii) if mailed by courier or by overnight mail, on the first business day following the date of such mailing, and (iii) if mailed by registered or certified mail, on the third business day after the date of such mailing.

18.   Acknowledgments.   The parties acknowledge that they: (a) have carefully read this Agreement in its entirety; (b) have had an opportunity to consider the terms of this Agreement for twenty-one (21) calendar days; (c) are hereby advised in writing to consult with an attorney of their choice before signing this Agreement; (d) fully understand the significance of all of the terms and conditions of this Agreement and have discussed them with an attorney of their choice, or has had a reasonable opportunity to do so; and (e) are signing this Agreement voluntarily and of their own free will and agree to abide by all the terms and conditions contained herein.

EMPLOYEE HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, FIRST, LAST, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE/SHE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date first written above.

Employee                                                              Spinella Produce, Inc.

_____                    Name:  Richard Lobello, *individually & on behalf of the corporation*
Name:  Hazim Ata                                                   Title:  Owner

Mailing Address:                                                    Mailing Address:
849 Main Street                                                      Spinella Produce
Paterson, New Jersey 07503                                268 East Railway Avenue, Paterson, New Jersey 07503

5